IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

MELANIE DAMIAN, IN HER CAPACITY AS
COURT-APPOINTED RECEIVER FOR DEFENDANT
ONIX CAPITAL LLC ET AL.,

      Plaintiff,

v.

BEN KAUFMAN and
MYSTIC POINT HOLDINGS, INC.,

      Defendants.
_____/

## RECEIVER'S COMPLAINT AGAINST NET WINNING INVESTOR

Melanie E. Damian, Esq., as receiver (the "Receiver") for Defendant ONIX CAPITAL LLC ("Onix Capital") and Relief Defendants DEEP OCEAN LLC, NEXT CAB VENTURES LLC, NEXT CALL VENTURES LLC, NEXT CHAT VENTURES LLC, NEXT PAY VENTURES LLC, NEXT TRACK VENTURES LLC, NEXT U VENTURES LLC, and PROGRESSIVE POWER LLC (collectively, the "Relief Defendants", and with Onix Capital the "Receivership Entities") files her Complaint against Defendants Ben Kaufman and Mystic Point Holdings, Inc. ("Defendants"), stating as follows:

### INTRODUCTION

1.    In November 2016, the SEC commenced an action against Onix Capital and the Relief Defendants as entities run for the purpose of furthering a securities fraud scheme perpetuated by Alberto Chang-Rajii ("Chang"), who fled to Malta in the spring of 2016. The case is currently pending in the District Court for the Southern District of Florida, Case No. 16-24678-CIV-Cooke/Torres (the "Receivership Proceeding").

2. On April 4, 2017, the District Court entered an order appointing the Receiver (the "Receivership Order") to exercise full power and control over the Receivership Entities, including all of their assets within the United States.

3. Pursuant to the Receivership Order, The Court specifically tasked the Receiver to "[m]arshal and safeguard all such assets and take whatever actions necessary for the protection of any investors of Onix and/or Relief Defendants," and to "[i]nvestigate the aforementioned assets, documents, and other items to ascertain the identity of any additional investors, debtholders, or other persons located within the United States and having any connection to these proceedings."

4. Pursuant to this court order, the Receiver has the power and duty to collect all assets of the receivership estate, including any assets paid by Onix Capital, the Relief Defendants or any of their related entities to any investor in excess of the amount paid by that investor to these entities (a "Net Gain"), and to prosecute causes of action to recover such assets, if necessary, including fraudulent transfer actions.

5. Certain investors, such as Defendants, invested with the Receivership Entities and received purported interest payments, returns on, or returns of their investment over and above the amounts they invested.

6. Specifically, the records of the Receiver reflect that Defendants have been paid a Net Gain of at least $32,500.00 from Onix Capital in excess of Defendants' investments. *See* Exhibit A.

7. The Receiver brings this Complaint to avoid and recover the transfer of Net Gains to investors such as Defendants because the funds used for the transfers were those of other innocent, unwitting investors in Chang's fraudulent scheme.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction over this action, and venue is proper, under Section 22(a) of the Securities Act (15 U.S.C. § 77v(a)), Section 27 of the Exchange Act (15 U.S.C. § 78aa), and under Chapter 49 of Title 28, Judiciary and Judicial Procedure (28 U.S.C. § 754). The Court also has jurisdiction over the matters raised by this lawsuit, and venue is proper, pursuant to 28 U.S.C. §§ 754, 1367, and 1692 because this action is ancillary to the Receivership Proceeding.

9.  Further, as the Court that appointed the Receiver, this Court has jurisdiction over any claim brought by the Receiver to execute her receivership duties.

## PARTIES

10. Melanie Damian is the duly appointed Receiver for Onix Capital and the Relief Defendants.

11. Defendant Ben Kaufman is an individual residing in the British Virgin Islands.

12. Defendant Mystic Point Holdings, Inc. is a corporation with its principal place of business in the British Virgin Islands.

## FACTUAL ALLEGATIONS[1]

13. From at least as early as June 2012 until March 2016, Onix Capital, a Miami Beach-based asset management company, and Chang, owner and sole manager of Onix Capital, fraudulently raised millions of dollars from investors based on material misrepresentations regarding the investments offered, the use of the funds raised, and the background and financial success of Chang himself. Chang's scheme, which targeted investors in Florida, nationwide, and internationally, began to unravel when, in March 2016, reports were published in Miami and Chile exposing Chang's misrepresentations regarding his achievements and his companies' finances.

---

[1] The Receiver relies on, and hereby incorporates by reference, the specific factual allegations made by the SEC in its complaint against Onix Capital and the Relief Defendants.

Chang then abandoned his Onix Capital responsibilities, fled to Malta, ceased paying investors, and drained approximately $4 million, including Onix Capital investor funds, from accounts in the United States by transferring the funds to overseas banks.

14. Chang offered and sold certain investors Onix Capital promissory notes, which carried "guaranteed" annual interest rates from 12% to as high as 19%, as well as membership interests in various entities created as special purpose vehicles ("SPVs") to invest in private equity. To convince investors to invest with Onix Capital, Chang touted a fabricated lore of Chang's business education and successful investment history, claiming that Chang had obtained an MBA from Stanford University, became wealthy investing in Google in its early development stages, and was a successful award-winning "angel" investor. None of this was true.

15. Chang represented to promissory note investors that Onix Capital would invest their funds in "ventures identified by Mr. Chang" and Onix Capital's advisory team, and make the note payments from these investments. However, to the extent Onix Capital did invest their funds, it received no income or funds from the investments during the time period relevant to this Complaint. Instead of making note payments from Onix Capital investment returns, Chang comingled Onix Capital investor funds with other funds and used the comingled funds to pay investors and for his own benefit.

16. Beginning at least as early as August 2013, Chang represented to promissory note investors that Chang personally guaranteed the promissory notes and misled investors by telling them that he had in excess of $100 million on deposit in accounts at J.P. Morgan in the United States as of March 24, 2013, when the true amount was less than $1 million.

17. Chang represented to investors buying membership interests that they would receive a membership interest in one of Chang's SPVs, which would give the investor an indirect

interest in the securities held by that entity. These SPVs held direct or indirect equity interest in non-public companies, including Uber, Square, and Okeanos Technologies, LLC. Chang retained direct and indirect controlling interest in the SPVs.

18.     In March 2016, press articles exposed Chang's misrepresentations regarding his investment and educational achievements, and questioned the financial soundness of his businesses in Chile. His fraud scheme began to unravel. Chang abandoned his Onix Capital and other business obligations and fled to Malta. Onix Capital soon ceased making the "guaranteed" return payments on promissory notes.

19.     Chang's fraud raised funds (through various funding entities) from outside investors such as Defendants by promising high returns. Chang partially or fully repaid some investors using funds obtained from subsequent investors as part of his fraud, a classic Ponzi scheme.

20.     Defendants invested funds with the Receivership Entities and received returns derived from other investors' funds in excess of the original principal invested by Defendants. *See* Exhibit A.

21.     These avoidable transfers described herein (and any other transfers to or for the benefit of any defendant which may be revealed via discovery or otherwise) were part of a continuing scheme of Chang to perpetuate his fraud, and as part of a continuous ongoing relationship between Chang, the Receivership Entities, and their various investors, including Defendants.

22.     All conditions precedent to the filing of this action have been performed, have been waived, have been satisfied, or otherwise occurred.

## CAUSES OF ACTION

### COUNT I
### Fraudulent Transfers-Fla. Stat. § 726.105(1)(a)

23. The Receiver re-alleges and incorporates paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24. This is a claim to avoid and recover fraudulent transfers pursuant to Section 726.105(1)(a), Florida Statutes, against Defendants.

25. A Ponzi scheme is, by its nature, a fraudulent enterprise.

26. Transfers made in furtherance of such an enterprise are presumptively fraudulent.

27. Onix Capital made the transfers listed in Exhibit A totaling $182,500.00 (the "Transfers") to Defendants, which exceed the original principal invested by Defendants.

28. At the time of the Transfers to Defendants, Onix Capital was operating its business as a classic fraudulent scheme and thus had actual intent to delay, hinder, and defraud creditors and, in fact, made the transfers to hinder, delay, and defraud creditors.

29. The Transfers to Defendants were fraudulent as to then-existing creditors who are actual creditors holding claims against the Receivership Estate, and are avoidable under § 726.105(1)(a), Fla. Stat. and recoverable for the benefit of creditors under § 726.108.

30. This action is timely as the Receiver has filed this action within four years after such Transfers were made or, if later, within one year after the transfers were or could reasonably have been discovered by the Receiver.

**WHEREFORE**, the Receiver requests that the Court enter judgment against Defendants (a) setting aside all Transfers to Defendants totaling at least $182,500.00, plus any other fraudulent transfers revealed through discovery or otherwise; (b) awarding payment of such sum to the

Receivership Estate, plus pre- and post-judgment interest, attorney's fees, and costs; and (c) granting such further relief this Court deems just.

## COUNT II
### Fraudulent Transfers-Fla. Stat. § 726.105(1)(b)

31. The Receiver re-alleges and incorporates paragraphs 1 through 22 of this Complaint as though fully set forth herein.

32. This is a claim to avoid and recover fraudulent transfers pursuant to Section 726.105(1)(b), Florida Statutes, against Defendants.

33. Onix Capital made the transfers listed in Exhibit A totaling $182,500.00 (the "Transfers") to Defendants, which exceed the original principal invested by Defendants.

34. Onix Capital did not receive reasonably equivalent value in exchange for the Transfers, and Onix Capital:

> (a) was engaged or was about to engage in a business or a transaction for which Onix Capital's remaining assets were unreasonably small in relation to the business or transaction; or
>
> (b) intended to incur, or believed or reasonably should have believed that it would incur debts beyond its ability to pay as they became due.

35. Defendants did not take or receive the benefits of the Transfers from Onix Capital in good faith and in exchange for reasonably equivalent value.

36. This action is timely as the Receiver has filed this action within four years after such Transfers were made or, if later, within one year after the Transfers were or could reasonably have been discovered by the Receiver.

**WHEREFORE**, the Receiver requests that the Court enter judgment against Defendants (a) setting aside all Transfers to Defendants totaling at least $182,500.00, plus any other fraudulent transfers revealed through discovery or otherwise; (b) awarding payment of such sum to the

Receivership Estate, plus pre- and post-judgment interest, attorney's fees, and costs; and (c) granting such further relief this Court deems just.

## COUNT III
### Fraudulent Transfers-Fla. Stat. § 726.106

37. The Receiver re-alleges and incorporates paragraphs 1 through 22 of this Complaint as though fully set forth herein.

38. This is a claim to avoid and recover fraudulent transfers pursuant to Section 726.106, Florida Statutes, against Defendants.

39. Onix Capital made the transfers listed in Exhibit A totaling $182,500.00 (the "Transfers") to Defendants, which exceed the original principal invested by Defendants.

40. Onix Capital was insolvent at the time of the Transfers to the Defendants, or became insolvent as a result of such Transfers.

41. Onix Capital did not receive reasonably equivalent value in exchange for the Transfers.

42. The Transfers to Defendants were fraudulent as to then-existing creditors who are actual creditors holding claims against the Receivership Estate, and are avoidable under § 726.106(1), Fla. Stat., and recoverable for the benefit of creditors under § 726.108.

**WHEREFORE**, the Receiver requests that the Court enter judgment against Defendants (a) setting aside all Transfers to Defendants totaling at least $182,500.00, plus any other Transfers revealed through discovery or otherwise; (b) awarding payment of such sum to the Receivership Estate, plus pre- and post-judgment interest, attorney's fees, and costs; and (c) granting such further relief this Court deems just.

## COUNT IV
## Unjust Enrichment

43. The Receiver re-alleges and reincorporates paragraphs 1 through 22 of this Complaint as though fully set forth herein.

44. This is a claim for unjust enrichment against Defendant.

45. Onix Capital's funds were the source of payments made to Defendants amounting to at least $182,500.00, *see* Exhibit A, which were derived from Chang's fraudulent investment scheme.

46. Investors such as Defendants, who received a Net Gain on their investment, were unjustly enriched at the expense of other investors, based on principles of justice, equity, and good conscience.

47. The transfer of fictitious "interest" payments caused certain investors to receive money derived from other investors for no reasonably equivalent value in exchange. Because of the nature of the Ponzi scheme and the fact that Onix Capital's assets are insufficient to fully repay all of its creditors, investors who had not yet received their principal back from Onix Capital will only receive a fraction of the amount of their investments back from Onix Capital. It would be fundamentally unfair to allow certain investors to receive profits derived from other investors' funds while the latter stand to recover a fraction of their original investments.

48. The transfers were made pursuant to the fraudulent scheme orchestrated by Chang through Onix Capital and the Relief Defendants. As a third-party beneficiary of this fraud, net winning investors including Defendants, who actually profited, were unjustly enriched and are not entitled to retain the profits.

**WHEREFORE**, the Receiver requests that this Court enter judgment against Defendants (a) providing for a money judgment against Defendants in the amount of the Net Gain received by

Defendants, together with interest thereon from the date of the transfers, (b) providing for a money judgment against Defendants for the costs of this action, and (c) for any other, further relief this Court deems equitable and just.

Dated: April 3, 2018                    Respectfully submitted,

                                              **KOZYAK TROPIN & THROCKMORTON, LLP**
*Counsel for the Receiver*
2525 Ponce de Leon Boulevard, 9th Floor
Miami, Florida 33134
Tel:    (305) 372-1800
Fax:   (305) 372-3508

By:    */s/ David L. Rosendorf*
      David L. Rosendorf
      FL Bar No. 996823
      Corali Lopez-Castro
      FL Bar No. 863830
      Tal J. Lifshitz
      FL Bar No. 99519
      dlr@kttlaw.com
      clc@kttlaw.com
      tjl@kttlaw.com